1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH LAWRENCE, | ) | Case No.: 1:14-cv-00524 JLT |
| Plaintiff, | ) ) | ORDER ON MOTION TO COMPEL |
| v. | ) ) | (Doc. 22) |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

Kenneth Lawrence seeks to compel Schlumberger Technology Corporation to provide further responses to interrogatories. Defendant opposes the motion. For the reasons set forth below, the motion is **GRANTED IN PART** and Defendant is **ORDERED** to respond to the interrogatories propounded as narrowed by the Court.

## I.      Factual and Procedural History

In this action, Plaintiff contends his former employer, Schlumberger Technology Corporation, improperly classified him as an exempt employee and, thereby, depriving him of overtime wages. (Doc. 1 at 11-13) He contends that Schlumberger's action was in violation of California's Labor Code 226 (Id. 13-14) and constituted an unfair business practice prohibited by California's Business & Professions Code § 17200 et seq. Id. 14.

## II.      Scope of Discovery and Requests

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed. R. Civ. P. 26(b) states:

1

2

3

4

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

5   Relevant evidence is defined as "evidence having any tendency to make the existence of any fact

6   that is of consequence to the determination of the action more probable or less probable than it

7   would be without the evidence."  Fed. R. Evid. 401.  Relevancy to a subject matter is interpreted

8   "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that

9   could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437

10  U.S. 340, 351 (1978).

11          **A.       Interrogatories**

12          A party may propound interrogatories related to any matter raised fairly in the complaint or

13  answer.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 33(a)(2).  A responding party must respond to the

14  fullest extent possible, and any objections must be stated with specificity.  Fed. R. Civ. P. 33(b)(3)-

15  (4).  In general, a responding party is not required "to conduct extensive research in order to answer

16  an interrogatory, but a reasonable effort to respond must be made."  *Haney v. Saldana*, 2010 U.S.

17  Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S.

18  Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)).  Any grounds of an objection to an interrogatory

19  must be stated "with specificity."  Fed. R. Civ. P. 33(b)(4); *see also Nagele v. Electronic Data*

20  *Systems Corp.*, 193 F.R.D. 94, 109 (W.D. N.Y. 2000) (objection that interrogatories were

21  "burdensome" overruled for failure to "particularize" the basis for objection); *Mitchell v. AMTRAK*,

22  208 F.R.D. 455, 458 at n.4 (D.D.C. 2002) (objections must explain how an interrogatory is

23  overbroad or unduly burdensome).

24  **IV.      Discussion and Analysis**

25          Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an

26  answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted

27  under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit

28  inspection – as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).

A.      **Interrogatories No. 1 & No. 2**

i.      **Plaintiff's Interrogatory No. 1**

Please state all facts on which defendant Schlumberger Technology Corporation (hereinafter SLB) based the classification of Field Engineers (aka Wire line Field Engineers) in California as exempt pursuant to the California Labor Code and the applicable I.W.C. Wage Orders (4-2001 and/or 16-2001) after November, 2001. (If this classification changed during the subject time period, this Interrogatory is intended to illicit such facts for each and every change).

ii.     **Defendant's Response**

Defendant objects to this interrogatory on the grounds that it is over broad as to scope and time, vague and ambiguous. This interrogatory seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine. The interrogatory seeks a legal conclusion. The interrogatory is unintelligible as phrased and improperly refers to documents outside the four corners of the request. The interrogatory assumes facts not in evidence.

Subject to and without waiving said objections, Defendant responds as follows: The interrogatory seeks information spanning a thirteen-year time period. Defendant is diligently investigating the requested information. Discovery and investigation are ongoing. Defendant reserves its right to supplement this interrogatory in the event additional, responsive information is discovered.

iii.    **Plaintiff's Interrogatory No. 2**

Please state all facts on which defendant SLB based the classification of Field Specialists in California as non-exempt pursuant to the California Labor Code and the applicable I.W.C Wage Orders (4-2001 and/or 16-2001) after November, 2001. (If this classification changed during the subject time period, this Interrogatory is intended to illicit such facts for each and every change).

iv.     **Defendant's Response**

Defendant objects to this interrogatory on the grounds that it is over broad as to scope and time, vague and ambiguous. This interrogatory seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine. The interrogatory seeks a legal conclusion. The interrogatory is unintelligible as phrased and improperly refers to documents outside the four corners of the request. The interrogatory assumes facts not in evidence.

Subject to and without waiving said objections, Defendant responds as follows: The interrogatory seeks information spanning a thirteen-year time period. Defendant is diligently investigating the requested information. Discovery and investigation are ongoing. Defendant reserves its right to supplement this interrogatory in the event additional, responsive information is discovered.

v.      **Plaintiff's Interrogatory No. 3**

Please state all facts on which defendant SLB based the classification of Plaintiff Kenneth Lawrence as exempt pursuant to the California Labor Code and the applicable IWC Wage Orders (4-2001 and/or 16-2001) after November, 2001.

///

1

2

ii.        **Defendant's Response**

Defendant objects to this interrogatory on the grounds that it is over broad as to scope and time, vague and ambiguous. This interrogatory seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine. The interrogatory seeks a legal conclusion. The interrogatory is unintelligible as phrased and improperly refers to documents outside the four corners of the request. The interrogatory assumes facts not in evidence.

Subject to and without waiving said objections, Defendant responds as follows: The interrogatory seeks information spanning a thirteen-year time period. Defendant is diligently investigating the requested information. Discovery and investigation are ongoing. Defendant reserves its right to supplement this interrogatory in the event additional, responsive information is discovered.

In its response to the motion to compel, Defendant reiterates each of the objections set forth in the original responses except that Defendant does not reassert the objection that the information sought exceeds the "four corners of the request" or that it assumes facts not in evidence.  Likewise, as to Interrogatories No. 2 and No. 3, Defendant relies upon its response to the motion related to Interrogatory No.1.

iv.        **Ruling**

a.        Vague, ambiguous, argumentative

For a discovery request to be shown to be vague and ambiguous, Defendant is obligated to show that "more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." Moss v. Blue Cross & Blue Shield of Kansas, Inc., 241 F.R.D. 683, 696 (D. Kan. 2007).  When reviewing the interrogatories, the Court cannot determine whether Plaintiff is attempting to gain information about whether Defendant contended the classification determinations were made according to California law or Wage Order or whether he is attempting to obtain information about why Defendant, beginning in November 2001, classified all Field Engineers and Field Specialists as exempt. Likewise, the Court is at a loss how Defendant could have classified "Plaintiff Kenneth Lawrence as exempt" during the years before and after he was employed by it.  Thus, the objection is **SUSTAINED**.

b.        Over broad

Plaintiff contends that because Defendant settled an action in 2001 with the California Department of Labor Standards Enforcement related to its "classification obligations" and because Plaintiff seeks punitive damages based upon his contention Defendant knowingly classified him improperly, that the relevant time period for discovery begins in November 2001 and goes through

4

present day, apparently.  He makes this argument despite that Plaintiff was employed by Defendant only from October 25, 2010 through November 7, 2013 and despite the fact that whether the positions were classified differently from 2001 through October 24, 2010 (Doc. 1 at 9) could have no bearing on whether Plaintiff was classified improperly or whether Defendant acted knowingly when it classified him improperly.  Indeed, without setting forth any justification how the settlement of this 2001 action bears on the classification determination Defendant made in October 2010 and thereafter as to Field Engineers, Plaintiff seems to assume it is self-evident that he may discover the classification determination information for the nine years preceding his employment and the nearly two years after his employment; it is not.

If Plaintiff was simply seeking information so he may demonstrate Defendant knowingly improperly classified him as an exempt employee, seemingly, his discovery efforts would be focused on what Defendant knew in 2001 about classifying employees with job duties like Plaintiff's and why he was classified as exempt while employed by Defendant.  Thus, the objection is **SUSTAINED**.

c.      Attorney work-product immunity/Legal conclusion[1]

Discovery of privileged matters is not permitted. Fed. R. Civ. P. 26(b)(1).  However, when raising a privilege, a responding party is obligation to provide a privilege log.  Failure to do so, waives the privilege. Fed. R. Civ. P. 26(b)(5).

The immunity from disclosure provided by work-product doctrine applies to documents prepared by counsel which reflect the attorney's mental impressions in preparation for or during litigation. United States v. Richey, 632 F.3d 559, 567 (9th Cir. 2011).  "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.' In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. (Torf), 357 F.3d 900, 907 (2004).'" Id. at 568. Where documents are prepared for reasons in addition to the prospect of litigation, the party asserting the privilege must demonstrate the document was prepared "because of" litigation. Id. A document is prepared "because of" litigation if, in the absence of the prospect of litigation, the

---

[1] Seemingly, Defendant's objection is not that the interrogatory seeks a determination as to how a fact was applied to the law, but how Defendant's attorney did so.  These are very different situations.  The former is permitted by Fed. R. Civ. P. 33(a)(2), the latter is not. Fed. R. Civ. P. 26(b)(5).

document would not have been prepared in "substantially similar form but for the prospect of litigation." <u>Id</u>., (internal quotations omitted.)  To make this determination, the Court must consider the totality of the circumstances.  <u>Id</u>. Where there is a reason independent of litigation that the document was prepared, it is less likely the privilege will apply.  <u>Torf</u> at 908-910.  However, where the litigation purpose "so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole" (<u>Id</u>.), protection will be afforded.

Notably, discovery of these documents may be allowed even if protected.

> (A) Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed.R.Civ.P. 26(b)(3). However, denying the immunity from disclosure should not occur lightly. The Ninth Circuit has advised, "The effort of a party or his representative in generating information needed for trial generally does not create information that will not be available to others willing to invest similar effort in discovery. Accordingly, when a party makes a substantial showing that he is unable through his efforts to obtain needed information, the balance of equities shifts in favor of disclosure of trial preparation materials." *Admiral Ins. Co.* at 1494. Nevertheless, "Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." *Hickman v. Taylor*, 329 U.S. 495, 516 (1947).

On its face, the Court agrees the interrogatory may invade the attorney work product privilege. Had Plaintiff not intended to invade this privilege, he would not have referenced California law or the Wage Orders.  As worded, the interrogatories ask, in essence, "Why do you think that the facts, as you knew them, when applied to California Law and the Wage Orders, meant that Field Engineers/Field Specialists/Plaintiff were properly classified as exempt?" However, the Court was informed at the hearing that Defendant is currently unaware of any relevant work product and, on based upon the breadth of the request, Defendant has not produced a privilege log.  Thus, at this time, the objection is not well-taken and is **OVERRULED**.

d.      Attorney-client communication privilege

The attorney-client privilege protects communications "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." United States v. Graf, 610 F.3d 1148, 1156 (9th Cir.2010). Because the content of the client's communication would be known if the attorney's advice was not also protected, the rule prohibits this disclosure as well. Matter of Fischel, 557 F.2d 209, 211 (9th Cir.1977). Documents prepared by clients in order to inform the attorney about the factual situation to allow the lawyer to render reliable advice, are protected as long as the statements "are based on or would tend to reveal the client's confidential communications." Id. However, the Court was informed at the hearing that Defendant is currently unaware of any relevant attorney –client communications and, on based upon the breadth of the request, Defendant has not produced a privilege log.  Thus, at this time, the objection is not well-taken and is **OVERRULED**.

e.      Discovery is ongoing

The fact that discovery is ongoing, is not a proper objection. Defendant has an obligation to provide responses at the time they are made or to seek and extension of time to do so.  The fact that additional facts may become known is anticipated by the Rules given that parties are obligated to supplement their responses to discovery. Fed. R. Civ. P. 26(a)(1)(A)(ii).  "The duty to supplement is not a license to unduly delay production or get around discovery obligations when convenient." Goethe v. California D.M.V., 2009 WL 3568624, *1 (E.D.Cal. Oct.27, 2009). Thus, the objection is **OVERRULED**.

f.      Conclusion

Though the Court agrees that the interrogatories are objectionable as written, Plaintiff clarified the information he sought at the hearing.  Though this is not the appropriate time to attempt to clarify requests and Defendant was entitled not to respond in full, Defendant had an obligation to respond to the request to the extent possible. Fed. R. Civ. P. 33(b)(3) ["Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.'] Likewise, where answering the interrogatory may serve a legitimate purpose in leading to admissible evidence or narrowing the

issues, the Court should require a response. See Brunswick Corp. v. Chrysler Corp., 43 F.R.D. 208, 209 (E.D. Wis. 1967).  Here, the Court concludes that requiring a response to the unobjectionable part of the interrogatories would significantly advance the litigation since these facts go to the very heart of the key issues raised in this litigation.  Likewise, the Court can see no undue burden in requiring a response or any prejudice that would result.  Id.  Thus, when the objectionable material is carved away, there remains a permissible question as to each Interrogatory which should be answered.

As to Interrogatory No. 1, the Court **ORDERS** Defendant to respond to the clarified and narrowed request which reads, "State the facts that explain why Defendant determined Plaintiff's position, "Field Engineer," was exempt.  The interrogatory is limited to the period of time that Plaintiff was employed by Defendant."

As to Interrogatory No. 2, the Court **ORDERS** Defendant to respond to the clarified and narrowed request which reads, "State the facts that explain why Defendant determined the position, "Field Specialist," was exempt.  The interrogatory is limited to the period of time that Plaintiff was employed by Defendant."

As to Interrogatory No. 3, the Court **ORDERS** Defendant to respond to the clarified and narrowed request which reads, "State the facts that explain why Defendant determined Plaintiff's position, while he was employed by Defendant, was classified as exempt."

**B.     Interrogatories No. 4, No. 5 and No. 6**

**i.     Plaintiff's Interrogatory No. 4**

Please identify (by providing current or last known address, as well as if the individual is currently employed by SLB) each and every person who was involved in any decision to classify Field Engineers (aka Wireline Field Engineers) in California as exempt pursuant to the California Labor Code and the applicable I.W.C. Wage Orders (4-2001 and/or 16-2001) after November, 2001. (If this classification changed during the subject time period, this Interrogatory is intended to illicit such identification of individuals for each and every change).

**ii.     Defendant's Response**

Defendant objects to this interrogatory on the grounds that it is over broad as to scope and time, vague and ambiguous. This interrogatory seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine. The interrogatory seeks a legal conclusion. The interrogatory is unintelligible as phrased and improperly refers to documents outside the four corners of the request. The interrogatory assumes facts not in evidence. The interrogatory seeks confidential information related to individuals that is protected from disclosure by the individuals' privacy rights.

Subject to and without waiving said objections, Defendant responds as follows: The interrogatory seeks information spanning a thirteen-year time period. Defendant is diligently investigating the requested information. Discovery and investigation are ongoing. Defendant reserves its right to supplement this interrogatory in the event additional, responsive information is discovered.

### iii.   Plaintiff's Interrogatory No. 5

Please identify (by providing current or last known address, as well as if the individual is currently employed by SLB) each and every person who was involved in any decision to classify Field Specialists in California as non-exempt pursuant to the California Labor Code and the applicable I. W. C. Wage Orders (4-2001 and/or 16-2001) after November, 2001. (If this classification changed during the subject time period, this Interrogatory is intended to illicit such identification of individuals for each and every change).

### iv.   Defendant's Response

Defendant objects to this interrogatory on the grounds that it is over broad as to scope and time, vague and ambiguous. This interrogatory seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine. The interrogatory seeks a legal conclusion. The interrogatory is unintelligible as phrased and improperly refers to documents outside the four corners of the request. The interrogatory assumes facts not in evidence. The interrogatory seeks confidential information related to individuals that is protected from disclosure by the individuals' privacy rights.

Subject to and without waiving said objections, Defendant responds as follows: The interrogatory seeks information spanning a thirteen-year time period. Defendant is diligently investigating the requested information. Discovery and investigation are ongoing. Defendant reserves its right to supplement this interrogatory in the event additional, responsive information is discovered.

### vi.   Plaintiff's Interrogatory No. 6

Please identify (by providing current or last known address, as well as ([the individual is currently employed by SLB) each and every person who was involved in any decision to classify Plaintiff Kenneth Lawrence as exempt pursuant to the California Labor Code and the applicable I. W. C. Wage Orders (4-2001 and/or 16-2001).

### vii.   Defendant's Response

Defendant objects to this interrogatory on the grounds that it is over broad as to scope and time, vague and ambiguous. This interrogatory seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine. The interrogatory seeks a legal conclusion. The interrogatory is unintelligible as phrased and improperly refers to documents outside the four corners of the request. The interrogatory assumes facts not in evidence. The interrogatory seeks confidential information related to individuals that is protected from disclosure by the individuals' privacy rights.

Subject to and without waiving said objections, Defendant responds as follows: The interrogatory seeks information spanning a thirteen-year time period. Defendant is diligently investigating the requested information. Discovery and investigation are ongoing. Defendant reserves its right to supplement this interrogatory in the event additional, responsive information is discovered.

///

1      **viii.**    **Ruling**

2      Because the parties take the same positions as to this interrogatory as in the preceding ones, the

3  Court's order related Interrogatory No. 4, No. 5 and No. 6 is the same as to those objections made in

4  Interrogatories No. 1, No. 2 and No. 3.  The only difference in position relates to the objection based

5  upon the privacy rights of third parties which will be discussed below.

6                          a.       Third party privacy rights

7      Here, Defendant does not identify the privacy right it believes is implicated by the request.

8  Seemingly, it is the provision of the contact information and the employment status with Defendant that

9  is at issue.

10      In Pioneer Electronics (USA), Inc. v. Superior Court, 40 Cal.4th 360, 370–371 (2007) and Hill

11  v. Nat'l Collegiate Athletic Assoc., 7 Cal.4th 1, 40 (1994), the California Supreme Court set forth an

12  analytical framework for evaluating claims of invasion of privacy under the California Constitution.

13  First, the employees must have a "legally protected privacy interest." Hill, 7 Cal.4th at 35. Second, the

14  employees must have "a reasonable expectation of privacy" in the information and third, the invasion

15  of privacy must be "serious in nature, scope, and actual or potential impact." Id. at 36–37. If each is

16  shown, the Court must then balance the privacy interest against the competing disclosure interest.

17  Pioneer, 40 Cal.4th at 370–371.

18      Though personal identifying information is "entitled to some privacy protection," its disclosure

19  is not a serious invasion of privacy, in contrast to the disclosure of "one's personal medical history or

20  current medical condition nor details regarding one's personal finances or other financial information."

21  Pioneer, 40 Cal.4th at 372. However, the fact that employees provide contact information as a condition

22  of employment means that the privacy interests are more significant than in cases where such

23  information is shared voluntarily. Belaire–West Landscape, Inc. v. Superior Court, 149 Cal.App.4th

24  554 (Cal.App.2d Dist.2007). In Belaire–West Landscape, the court observed:

25          It is most probable that the employees gave their addresses and telephone numbers to their
26          employer with the expectation that it would not be divulged externally except as required by
            governmental agencies (such as the Internal Revenue Service, the Social Security
            Administration, etc.) or to benefits providers such as insurance companies. This is a
27          reasonable expectation in light of employers' usual confidentiality customs and practices.

28

1   Id. On the other hand, the expectation of privacy does not necessarily mean that employees "would

2   wish [contact information] to be withheld from a ... plaintiff who seeks relief for violations of

3   employment laws." Id.; Puerto v. Superior Court, 158 Cal.App.4th 1242 (Cal.App.2d Dist.2008).

4        For example, in Puerto, the plaintiff sought information including telephone numbers and

5   addresses for percipient witnesses to the claim. Puerto, 158 Cal.App.4th at 1245–46. The defendant

6   provided the names of witnesses, but refused to provide contact information, objecting to the

7   disclosure, in part, due to the privacy interests of its employees. The court observed that "a percipient

8   witness's willingness to participate in civil discovery has never been considered relevant-witnesses may

9   be compelled to appear and testify whether they want to or not." Id. at 1252. Because the witness"

10  identities were known in the litigation, the court rejected the argument that the disclosure of residential

11  addresses and telephone numbers was a serious invasion of privacy, explaining:

12          Nothing could be more ordinary in discovery than finding out the location of identified
            witnesses so that they may be contacted and additional investigation performed. (Planned
13          Parenthood, supra, 83 Cal.App.4th at p. 359, 99 Cal.Rptr.2d 627 [home addresses and
            telephone numbers are "routinely produced during discovery"].) As the Supreme Court
14          pointed out in Pioneer, the information sought by petitioners here-the location of witnesses-
            is generally discoverable, and it is neither unduly personal nor overly intrusive. (Pioneer, at
15          p. 373, 53 Cal.Rptr.3d 513, 150 P.3d 198.) In some respects, the potential intrusion here is
            even less significant than that in Pioneer, because here the requested disclosure does not
16          involve individuals' identities, which had already been disclosed by Wild Oats prior to the
            filing of the motion to compel. There simply is no evidence that disclosure of the contact
17          information for these already identified witnesses is a transgression of the witnesses'
            privacy that is "sufficiently serious in [its] nature, scope, and actual or potential impact to
18          constitute an egregious breach of the social norms underlying the privacy right."

19  Id. at 1252. Moreover, in both Pioneer and Puerto, the courts determined that employees might wish for

20  their contact information to be disclosed in cases related to wrongful acts by their employer. See

21  Pioneer, 40 Cal. at 372; Puerto, 158 Cal.App.4th at 1254.

22       Defendant clarifies that it is willing to identify witnesses and provide their contact information

23  and, apparently, their employment status with it, but only as to those witnesses who have information

24  relevant to Plaintiff's claims.

25                            b.        Conclusion

26       As above, the Court agrees that the interrogatories are objectionable as written.  However, at the

27  hearing Plaintiff clarified what information he sought and why.  Once again, this should have occurred

28  during the meet and confer process.  However, again, the Court agrees Defendant was required not to

                                              11

respond in full, Defendant should have responded to the request to the extent possible (Fed. R. Civ. P. 33(b)(3)) and requiring a response now would advance the litigation without imposing any significant burden or causing any prejudice to Defendant.  See Brunswick Corp., at 209.  Thus, when the objectionable material is carved away, there remains a permissible question as to each Interrogatory.

Therefore, as to Interrogatory No. 4, the Court **ORDERS** Defendant to respond to the clarified and narrowed request which reads, "Identify  those who decided or participated in the decision to classify the position of Field Engineer as exempt during the time Plaintiff was employed by Defendant. "Identify" is defined to include, the names and last known address of those listed and to include an indication whether the person is still employed by Defendant."

As to Interrogatory No. 5, the Court **ORDERS** Defendant to respond to the clarified and narrowed request which reads, "Identify  those who decided or participated in the decision to classify the position of Field Specialist as exempt during the time Plaintiff was employed by Defendant. "Identify" is defined to include, the names and last known address of those listed and to include an indication whether the person is still employed by Defendant."

As to Interrogatory No. 6, the Court **ORDERS** Defendant to respond to the clarified and narrowed request which reads, "Identify  those who decided or participated in the decision to classify Plaintiff's position, while he was employed by Defendant, as exempt. "Identify" is defined to include, the names and last known address of those listed and to include an indication whether the person is still employed by Defendant."

### C.      Request for sanctions

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court may issue sanctions to "penalize some forms of discovery abuse," such as where a party " 'fails to obey an order to provide or permit discovery.' " Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1338–39 (quoting Fed.R.Civ.P. 37(b)(2)(C). Here, Defendants were justified in not responding to the Interrogatories as written.  However, as discussed above, responses to the unobjectionable parts of the discovery is being required.  Accordingly, Plaintiff's request for sanctions is **DENIED**.

///

///

1

## ORDER

2       Though the Court rejects Plaintiff's position that the Interrogatories as propounded should have

3 been answered by Defendant, the Court here requires Defendant to respond to the modified

4 interrogatories set forth above.  Therefore, the Court **ORDERS**:

5       1.       Plaintiff's motion to compel (Doc. 22) is **GRANTED IN PART** as set forth above.

6 Defendant **SHALL** provide further responses to Interrogatories No. 1 – No. 6, as stated above, <u>no later</u>

7 <u>than June 30, 2015</u>;

8       2.       Plaintiff's request to continue the trial date is **DENIED**;

9       3.       Plaintiff's request for evidentiary sanctions against Defendant is **DENIED**;

10      4.       Plaintiff's request for monetary sanctions against Defendant is **DENIED.**

11

12 IT IS SO ORDERED.

13   Dated:   **June 16, 2015**                    **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28