# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LAWRENCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>　　　　Defendant. | Case No.: 1:14-cv-00524 JLT<br><br>ORDER AFTER INFORMAL TELEPHONIC DISCOVERY CONFERENCE<br><br>(Doc. 22) |

　　　　At the request of counsel, on July 9, 2015, the Court held an informal telephonic conference related to a brewing discovery disputes.

　　　　First, Plaintiff's counsel, Mr. Moss, notified the Court that Defendant still has not responded to the second set of interrogatories propounded months ago.  Defendant's counsel, Ms. Riordan, indicated that this was due to lead counsel, Mr. Mills, having been in trial.  However, this fails to adequately explain why responses have not been provided.

　　　　Second, Mr. Moss reported that counsel have been having trouble scheduling the depositions, including the deposition of the entity and a couple of witnesses.  After discussion on the topic, the Court determined that the deposition of the entity and witnessed F. Durante and K. Jones would be taken no later than July 31, 2015.  Likewise, in the event that Mr. Moss decided to take the deposition of Jeremy Kinslow, it would be completed no later than August 14, 2015.

　　　　Third, Ms. Riordan explained that topics outlined for the deposition of the entity were overbroad and one particular topic was improper.  The Court reminded Ms. Riordan of the obligation to

1

produce a witness to the fullest extent possible but objections—especially those in line with the Court's order on the motion to compel (Doc. 28)—are acceptable. Moreover, the Court noted that the topic for the 30(b)(6) deposition related to the method by which Defendant stores documents, does not appear to be reasonably calculated to lead to discoverable evidence. It does not relate to any issue raised in the pleadings and there is no good faith basis to believe that Defendant has improperly withheld documents.

Finally, though counsel filed a stipulation seeking two additional months of time to conduct discovery—and extensions of other dates in the case schedule—the Court finds no good cause to allow this. There has been an inadequate showing that diligence has been exercised in completing discovery.

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. All depositions noticed pursuant to Fed. R. Civ. P. 30(b)(6) **SHALL** be completed **no later than July 31, 2015**;

2. The depositions of F. Durante and K. Jones **SHALL** be completed **no later than July 31, 2015**;

3. The deposition of Jeremy Kinslow, if it is to be taken, **SHALL** be completed **no later than August 14, 2015**;

4. Defendant's responses to the second set of interrogatories **SHALL** be served via e-mail **no later than July 13, 2015**;

5. The Parties **SHALL** disclose all expert witnesses in writing **no later than September 4, 2015** and disclose all rebuttal experts **no later than September 25, 2015**. All expert discovery **SHALL** be completed **no later than October 23, 2015**;

6. Nondispositive motions **SHALL** be filed **no later than October 30, 2015** and heard **no later than November 27, 2015**;

7. Dispositive motions **SHALL** be filed **no later than August 28, 2015** and heard no later than **October 5, 2015**;

8. The pretrial conference is **CONTINUED** to **December 2, 2015 at 10:00 a.m.**.

1	**Counsel are strongly admonished to complete discovery expeditiously and to cooperate in
2	this effort.**
3	**<u>Absolutely no other modifications to the scheduling order are authorized and absolutely
4	no further modifications to the case schedule will be entertained—whether by stipulation or
5	otherwise—absent a showing of exceptional good cause.</u>**
6	
7	IT IS SO ORDERED.
8	  Dated:   **July 10, 2015**                                   /s/ Jennifer L. Thurston
9	                                                         UNITED STATES MAGISTRATE JUDGE